**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                          Case No.  6:08-cr-256-Orl-18GJK

**DARRELL MELLS,**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 69)**
>
> **FILED:      October 17, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Court certify that the appeal is not taken in good fatih.

On October 17, 2011, Darrell Mells (the "Defendant"), a federal prisoner, filed a motion for leave to appeal in forma pauperis (the "Motion") for this Court's denial (Doc. No. 67) of his Petition for Writ of Mandamus [or] Motion to Compel (the "Motion to Compel") (Doc. No. 62). Doc. No. 69. In his Motion to Compel, Defendant requested an order from the Court compelling the United States Attorneys' Office to seek to reduce Defendant's criminal sentence by filing a substantial assistance motion pursuant to Rule 35(b), Federal Rules of Civil Procedure.  *See* Doc. No. 67 at 1.

On October 7, 2011, the Court entered a order denying the Motion to Compel stating:

> [Defendant] does not allege that the prosecutor declined to make a Rule 35(b) motion for an unconstitutional motive, nor does [Defendant] make a substantial showing of an unconstitutional motive. Therefore, the prosecutor was within his discretion in declining to make a Rule 35(b) motion, and [the Motion to Compel] must be denied.

Doc. No. 67 at 2. On October 17, 2011, a Notice of Appeal to the Eleventh Circuit Court of Appeals. Doc. No. 68.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); see also Farley v. United States, 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

In *Wade v. United States*, 504 U.S. 181, 185-86 (1992), the United States Supreme Court held:

> [W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy <u>if they find that the refusal was based on an unconstitutional</u>

> motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial assistance motion, say, because of the defendant's race or religion. <u>It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive</u>.

*Id*. (emphasis added). In *United States v. Gilmore*, 149 Fed.Appx. 883, 886-87 (11th Cir. 2005), the Eleventh Circuit stated that "a district court may not review the government's refusal to file a substantial assistance motion unless a defendant makes a substantial showing that the government was acting with an unconstitutional motive." *Id*.[1]

In this case, the Defendant has only alleged substantial assistance and has failed to make any, much less substantial, showing that the Government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. Thus, because Defendant has not shown that his appeal will present a non-frivolous issue, it is recommended that the Motion (Doc. No. 69) be **DENIED** and the Court certify that the appeal is not taken in good faith. *See United States v. Benitez*, 405 Fed.Appx. 930, 931 (5th Cir. Dec. 27, 2010) (unpublished) (denying motion and dismissing as frivolous prisoner's appeal of court's order denying motion to compel Rule 35 motion based on substantial assistance where no unconstitutional motive alleged).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days for the date of its filing shall bar an aggrieved party for attacking the factual findings on appeal.

---

[1] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority.

Respectfully recommended in Orlando, Florida on November 2, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties

Courtroom Deputy